Affirmed and Memorandum Opinion
filed December 21, 2010.

In
The

Fourteenth
Court of Appeals



NO. 14-09-00935-CR



Alton Joseph
Thomas, Appellant 

v.

The State of
Texas, Appellee 



On Appeal from
the 262nd District Court

Harris County, Texas

Trial Court
Cause No. 1208893



 

MEMORANDUM OPINION 

Appellant Alton Joseph Thomas appeals his conviction
for possession of marijuana, weighing between four ounces and five pounds,
claiming in a single issue that the trial court erred in denying his motion to
suppress.  Appellant asserts the officers did not have reasonable suspicion to
stop and detain him and that his consent to a search was involuntary.  We
affirm.

Factual and Procedural
Background

Appellant was charged with the felony offense of
possession of marijuana with two prior felony enhancements.  Appellant filed a
motion to suppress evidence.  When viewed in the light most favorable to the
trial court’s ruling,[1]
the evidence from the hearing reflects the following:

Law enforcement officers in the narcotics division of
the Houston Police Department were conducting undercover surveillance at a bus
station, monitoring passengers as they arrived or departed.  An officer
observed appellant enter the bus station at 6:10 p.m. and stand in line to
purchase a bus ticket.  The officer described how appellant looked around him as
he stood in line, as if appellant were looking for law enforcement officers in
the vicinity.  Based on his experience, the officer viewed appellant’s conduct
as characteristic of a person that is trying to smuggle contraband.  The officer
estimated that the next bus would have departed the station at 6:45 p.m., but noted
that he would have to check his records.[2] 
In the officer’s past experience, people who are under surveillance for
narcotics smuggling rush into the bus station at the last minute and purchase a
ticket to avoid spending too much time in the station where law enforcement
officers could intervene.

The officer observed appellant purchase a bus ticket,
enter a security check-point, and stand in line for an eastbound bus.  Two
officers approached appellant, identified themselves as law enforcement
officers, and engaged in conversation with appellant.  One asked questions of
appellant, and the other officer stood nearby, listening to the conversation.  Although
appellant was simply talking with the officer, one of the officers believed
appellant seemed a little nervous.  The officer noted that appellant’s hands
were shaking as he handed his identification to another officer.  

In response to the officer’s questions, appellant
acknowledged that the luggage he carried belonged to him.  The officer asked
appellant whether he would consent to a search of his bags; appellant consented.
 In searching appellant’s luggage and backpack, the officers did not find any
contraband.  The officer asked appellant to consent to a search of his person;
appellant gave permission.[3] 
One officer, Officer Allen, patted down appellant and asked a second officer, Officer
Hicks, to feel something on the inside of appellant’s left leg beneath
appellant’s pants.  Officer Hicks confirmed that “something [was] there,” and based
on his experience, Officer Hicks believed that the object he felt was
marijuana.  

As Officer Hicks produced handcuffs to detain
appellant for further investigation and for the officers’ safety, appellant
fled from the officers.  Although the officers ordered appellant to stop,
appellant kept running.  Other officers caught appellant outside the bus
station and struggled to handcuff him to place him under arrest for evading
arrest.  In a subsequent search of appellant, the officers recovered two bags
of marijuana in clear, plastic wrapping taped to appellant’s leg and stomach.  

According to the officer’s testimony at the
suppression hearing, appellant did not revoke consent at any time during their
encounter.  The officers did not tell appellant that he did not have to give
consent to a search; nor did they tell appellant he was free to leave during
the encounter.

The trial court denied appellant’s motion to
suppress, finding that appellant consented to a search of his bags and his
person.  The trial court ruled that upon feeling an object on appellant’s leg,
the officers had reasonable suspicion to detain appellant.  The trial court
found that before the officers could detain appellant, he fled, and pursuant to
a search under a lawful arrest, the officers discovered the narcotics in
appellant’s possession.

After a trial, the jury found appellant guilty of the
charged offense and assessed punishment at 540 days in jail and a fine.

 

Issue Presented

In a single issue, appellant asserts that the
officers did not have reasonable suspicion to approach and detain him. 
Accordingly, appellant argues, because the detention was not supported by
reasonable suspicion, the search of appellant was illegal and the marijuana
seized in that the search should have been suppressed under the Fourth
Amendment of the United States Constitution and article 1, section 9 of the
Texas Constitution.

Analysis

We review a trial court’s ruling on a motion to
suppress evidence under a bifurcated standard of review.  Guzman v.
State, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997).  At a suppression hearing,
the trial court is the sole finder of fact and is free to believe or disbelieve
any or all of the evidence presented.  Wiede v. State, 214 S.W.3d 17, 24
(Tex. Crim. App. 2007).  We give almost total deference to the trial court’s
determination of historical facts that depend on credibility and demeanor, but
review de novo the trial court’s application of the law to the facts as
resolution of those ultimate questions does not turn on the evaluation of
credibility and demeanor.  See Guzman, 955 S.W.2d at 89.  When, as in
this case, there are no written findings of fact in the record, we uphold the
ruling on any theory of law applicable to the case and presume the trial court
made implicit findings of fact in support of its ruling so long as those
findings are supported by the record.  State v. Ross, 32 S.W.3d 853,
855–56 (Tex. Crim. App. 2000).  We view a trial court’s ruling on a motion to
suppress in the light most favorable to the trial court’s ruling.  Wiede,
214 S.W.3d at 24.  If supported by the record, a trial court’s ruling on a
motion to suppress will not be overturned.  Mount v. State, 217 S.W.3d
716, 724 (Tex. App.—Houston [14th Dist.] 2007, no pet.).

Did the officers have reasonable suspicion to
detain appellant?

            Appellant asserts
that the officers did not have reasonable suspicion that he had engaged or
would soon engage in criminal activity to warrant his detention.  In a
suppression hearing, the defendant bears the initial burden of rebutting the
presumption that the police encounter was proper.  Russel v. State, 717
S.W.2d 7, 9 (Tex. Crim. App. 1986).  He can do so by showing that the search or
seizure occurred without a warrant.  Id.  The burden then shifts to the
State to either produce a warrant or prove that the warrantless search or
seizure was reasonable.  Id. at 9–10.

Not all encounters between police and private
citizens trigger the protection of the Fourth Amendment.  Florida v. Bostick,
501 U.S. 429, 434, 111 S. Ct. 2382, 115 L. Ed. 2d 389 (1991); Hunter v.
State, 955 S.W.2d 102, 104 (Tex. Crim. App. 1997).  An officer is as free
as any other citizen to stop and ask questions of a fellow citizen; seizure
under the Fourth Amendment does not occur under such circumstances.  See
Bostick, 501 U.S. at 434, 111 S. Ct. at 2386; Hunter, 955 S.W.2d at
104.  A seizure occurs when officers, by means of physical force or show of authority,
in some way restrain a citizen’s liberty.  See Bostick, 501 U.S. at 434
(citing Terry v. Ohio, 392 U.S. 1, 19 n.16, 88 S. Ct. 1868, 20 L. Ed. 2d
889 (1968)).  A consensual encounter occurs when a reasonable person would feel
free “to disregard the police and go about his business.”  Hunter, 955
S.W.2d at 104 (internal quotations omitted).  We consider whether a seizure has
occurred under the totality of circumstances by examining whether the officers’
conduct communicated that appellant’s compliance with their requests was
required or that he was not free to otherwise terminate the encounter.  See id.

            Under the
totality of the circumstances, the facts do not suggest that the officers
conveyed a message that compliance with their requests was required.  See id. 
The officers wore civilian clothing and their weapons were not visible.  See
id.  When the officers approached appellant, they identified themselves as
law enforcement officers.  Police officers are free to stop and ask questions
of a fellow citizen.  Id.  One officer spoke with appellant as the other
officers stood nearby, listening to the conversation.  A single officer posing
questions to appellant is less intimidating than multiple officers.  See id. 
When the officer asked for consent to search appellant’s bags, the officer did
not suggest that he would obtain a search warrant if appellant did not consent
to a search.  See id.  Although the officers did not advise appellant
that he had a right to refuse consent to search, this is just a factor for
considering whether the encounter constitutes a seizure.  See State v. Velasquez,
994 S.W.2d 676, 679 (Tex. Crim. App. 1999).  Furthermore, the encounter
occurred in the open area of the bus station; the officers did not threaten
appellant; and the officers did not touch appellant at this time.  See
Jackson v. State, 77 S.W.3d 921, 927 (Tex. App.—Houston [14th Dist.] 2002,
no pet.).  A reasonable person, under the facts of this case, would have felt
free to walk away from the officers at any time during this encounter prior to
the search of appellant’s bags.  See Velasquez, 994 S.W.2d at 679; Hunter,
955 S.W.2d at 104; Jackson, 77 S.W.3d at 927.

            Appellant claims
that when the officers identified themselves as law enforcement officers and
asked for consent to search his bags, the officers’ conduct was the “functional
equivalent” of informing appellant he was detained.  But these facts do not
transform a voluntary encounter into a detention.  See Velasquez, 994
S.W.2d at 678–79; Hunter, 955 S.W.2d at 106; Jackson, 77 S.W.3d
at 927.  “A police officer’s asking questions and requesting consent to search
do not alone render an encounter a detention.”  Hunter, 955 S.W.2d at
106.  Because the facts do not show that the officers conveyed a message that
appellant’s compliance with their requests was required, the officers’ encounter
with appellant did not become a detention at that time.  See id.  Thus,
no Fourth Amendment rights were implicated, and we need not reach the issue of whether
the officers had reasonable suspicion to question appellant.  See Jackson,
77 S.W.3d at 927.

Were the officers justified in conducting a
search of appellant and his bags?

Appellant testified at trial that he did not consent
to the officers’ requests to search him or his bags.  On appeal, appellant
claims that any consent to search was involuntary.  He claims that he did not
know, and the officers never informed him, that he could decline their request
to search him.  

Warrantless searches are “per se unreasonable,”
unless they fall under one of a few specific exceptions.  Rayford v. State,
125 S.W.3d 521, 528 (Tex. Crim. App. 2003) (citing Schneckloth v. Bustamonte,
412 U.S. 218, 93 S. Ct. 2041, 36 L. Ed. 2d 854 (1973)); Reasor v. State,
12 S.W.3d 813, 817 (Tex. Crim. App. 2000).  Consent to search is one of the
well-established exceptions to the constitutional requirement that a police
officer have both a warrant and probable cause before conducting a search.  Schneckloth
v. Bustamonte, 412 U.S. 218, 219, 93 S. Ct. 2041, 36 L. Ed. 2d 854 (1973). 
Texas law requires the State to prove voluntariness of consent to search by
clear and convincing evidence, rather than by a mere preponderance of the
evidence.  Reasor, 12 S.W.3d at 817.  To be valid, a consent to search
must be positive and unequivocal, and must not be the product of duress or
coercion, either express or implied.  Id. at 818.  

The trial court must look at the totality of the
circumstances surrounding the statement of consent in order to determine
whether consent was given voluntarily.  Id.  A showing that a suspect
has been warned that he does not have to consent to the search and has a right
to refuse is of evidentiary value in determining whether a valid consent was
given.  See Johnson v. State, 68 S.W.3d 644, 653 (Tex. Crim. App. 2002). 
But the absence of such information does not automatically render an accused’s
consent involuntary.  Id.  Other facts for consideration include the accused’s
age, education, and intelligence, the constitutional advice given to the
accused, the length of detention, the repetitive nature of questioning, and the
use of physical punishment.  See Reasor, 12 S.W.3d at 818.

According to evidence presented at the suppression
hearing, appellant agreed to talk to the officers from the time the plain-clothes
officers approached appellant and identified themselves.  Throughout the
encounter, appellant continued to speak with the officers.  The officers did
not indicate appellant was under arrest, and there is no indication in the
record that the officers threatened appellant with a search warrant in the
event he refused to cooperate.  The officers did not have their weapons drawn
during their encounter nor did the officers threaten or touch appellant or take
him to a secluded area to gain his consent. See Jackson, 77 S.W.3d at
929.  Officer Hicks testified both at the suppression hearing and at trial that
appellant affirmatively consented to a search of both his person and his bags. 
Another officer confirmed in his trial testimony that he overheard appellant
give consent to search his bags.  According to the officers’ trial testimony, appellant
stepped back before the officers patted him down, and so the officers asked a
second time if they could search his person; appellant did not revoke consent
and again agreed to the search.  Under these facts, the consent was positive
and unequivocal.  See id.  Although the officers did not warn appellant
that he did not have to consent to the search, this fact is not dispositive
when considering whether an accused voluntarily gave consent.  See id.  In
contrast, appellant testified at trial that he did not give consent to a search. 
Appellant also testified that the officers did not verbally threaten him.  

The trial court impliedly found that appellant’s
consent was voluntary by denying appellant’s motion to suppress, which
indicates that the trial court found the officers’ testimony to be credible.  See
Hunter, 955 S.W.2d at 102 n.2.  In determining appellant’s voluntariness in
consenting to the search, the trial court was settling a question of fact and
its determination is entitled to almost complete deference.  See id.
(resolving conflict in evidence as to whether consent was given by deferring to
trial court’s ruling on motion to suppress, because trial court was sole finder
of fact at the suppression hearing to determine witnesses’ credibility). 
Deferring, as we must, to the trial court’s determinations of credibility and
historical facts, we cannot conclude that the trial court abused its discretion
in determining that appellant’s consent was voluntary or that the State failed
to meet its burden in establishing the voluntariness of appellant’s consent by
clear and convincing evidence.[4] 
See id.  Therefore, the trial court did not err in denying appellant’s
motion to suppress evidence obtained from the search for lack of consent.  See
Jackson, 77 S.W.3d at 929.  We overrule appellant’s sole issue on appeal.

The trial court’s
judgment is affirmed.

                                                                                    

                                                                        /s/        Kem
Thompson Frost

                                                                                    Justice

 

 

 

Panel consists of Justices Anderson,
Frost, and Brown.

Do Not Publish — Tex. R. App. P. 47.2(b).









[1]
Baldwin v. State, 278 S.W.3d 367, 369 (Tex. Crim. App. 2009).





[2]
The officer testified at trial that the next bus would have departed at 6:15
p.m. or 6:20 p.m.





[3]
At trial, the officer testified that when appellant was first asked to consent
to a search of his person, he stepped back as if he did not really want to be
patted down, but nonetheless consented to the search.  Because appellant
stepped back from the officers, the officer asked a second time for consent to
search his person; according to the officer, appellant again consented.





[4] Appellant cites Mitchell v. State, 831 S.W.2d
829 (Tex. App.—Houston [1st Dist.] 1992, pet. ref’d), for support that when
officers do not have reasonable suspicion to detain a suspect, then “any
subsequent consent to search is not valid.”  Appellant’s reliance on this case
is misplaced.  Contrary to what appellant suggests, the voluntariness of an
accused’s consent is not dependent on the existence of reasonable suspicion. 
The court in Mitchell determined that the accused’s detention was
illegal because no reasonable suspicion existed and that the accused’s subsequent
consent to a search was not voluntary because the search was inevitable.  See
id. at 833, 834.  No facts in this case suggest that the search of
appellant or his bags was inevitable.  See id. at 834 (involving an
accused who would have had to forfeit his bag to officers or forfeit a bus
ticket and miss the bus had he not consented to a search).